2 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William MUMFORD, Defendant-Appellant.
 No. 93-1233.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1993.
 
 Before: RYAN and BOGGS, Circuit Judges; and ECHOLS, District Judge.*
 RYAN, Circuit judge.
 
 
 1
 William Mumford appeals from the district court's revocation of a term of supervised release, after Mumford was found to have left the Genesis Community Correctional Center without permission. Though he concedes he left the Genesis Center without permission, Mumford argues that the lower court erred because the petition for revocation, filed by the probation officer, erroneously stated the date upon which Mumford left the center. We conclude that the district court committed no error and its judgment will be affirmed.
 
 
 2
 After a conviction for possession of cocaine, in violation of 21 U.S.C. Sec. 844(a), Mumford was sentenced to one year imprisonment and one year supervised release. As part of his term of supervised release, Mumford was ordered to participate in an approved substance abuse program, which was to include periodic drug and alcohol testing. Some months after entry of its original order, the district court modified the conditions of supervised release so that Mumford could instead complete 120 days of placement in a community placement center. Mumford was placed at the Genesis Center.
 
 
 3
 Six weeks after Mumford entered the Genesis Center, his parole officer, Michael Burkey, filed a petition requesting a warrant for Mumford's arrest, based on Mumford's alleged violation of probation conditions. The district court issued the warrant, and Mumford was arrested.
 
 
 4
 A few days later, the district court convened a hearing on revocation of Mumford's supervised release. The court heard testimony from two witnesses: Burkey and Mumford. Burkey testified that he had been contacted on December 15, 1992, by the director of the Genesis Center, who had advised Burkey that Mumford went AWOL on December 12. Although Burkey's petition stated that Mumford went AWOL on December 12, at the hearing he informed the court that he later learned that the actual date was December 15. Burkey also testified that on December 16, Mumford contacted him by phone and stated that he would not return to Genesis, that he was staying with friends and relatives, and that he would not advise Burkey as to his whereabouts. Finally, Burkey testified that Mumford had admitted using cocaine on December 15, and that he would turn himself in. Mumford never did so.
 
 
 5
 When Mumford took the stand, he admitted leaving the Genesis Center without permission on December 15, but stated that his failure to return was occasioned by his inability to complete the Genesis drug treatment program. Mumford indicated that he had earlier asked Burkey for a transfer to another program. Mumford admitted telling Burkey that he had used cocaine, but stated that this was not true, and that he was only telling Burkey "what Burkey wanted to hear."
 
 
 6
 At the conclusion of the hearing, the district court found that Mumford had violated the terms of his supervised release and entered a judgment sentencing him to nine months in custody.
 
 
 7
 The only issue presented on appeal is whether the trial court abused its discretion by considering evidence at the revocation hearing which was not specifically referenced in the revocation petition, although directly relevant to the question of whether Mumford violated the terms of his supervised release. Mumford contends that, in the context of a revocation hearing, a trial judge can only consider evidence which relates to the allegations of misconduct contained within the four corners of the revocation petition. In this case, the revocation petition erroneously states that the violation occurred when Mumford left the community placement center on December 12, 1992. The actual violation in this case occurred three days later, when Mumford left the community placement center on December 15, 1992, and never returned. The trial judge based his decision to revoke Mumford's supervised release upon a finding that Mumford had permanently left the community placement center without permission, and that he had used drugs during the period following his departure, all in violation of the terms of his supervised release.
 
 
 8
 We review a district court's revocation of supervised release for an abuse of discretion. United States v. Stephenson, 928 F.2d 728, 731-32 (6th Cir.1991). Abuse of discretion is defined as a "definite and firm conviction that the court below committed a clear error of judgment." Taylor v. United States Parole Commission, 734 F.2d 1152, 1195 (6th Cir.1984).
 
 
 9
 We have carefully reviewed the record and transcript from the revocation hearing and conclude that the district court did not abuse its discretion in revoking Mumford's period of supervised release. A revocation hearing need not be as formal as trial proceedings, and a trial court can consider any relevant evidence, including hearsay, which bears upon the court's inquiry into whether the defendant has violated the terms and conditions of his or her supervised release. Stephenson, 928 F.2d at 732 (6th Cir.1991). There is no legal restriction against the trial court's consideration of evidence relating to violations not specifically mentioned in the revocation petition as long as the defendant is given reasonable notice of those charges and has an opportunity at the hearing to rebut those charges. In this case, Mumford received both. We note additionally that the lower court's apparent conclusion that Mumford used cocaine during his period of supervised release would, by itself, justify revocation. Stephenson, 928 F.2d at 732.
 
 
 10
 Therefore, we AFFIRM the district court's judgment and sentence revoking Mumford's period of supervised release.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation